**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF MICHIGAN**

| | |
|---|---|
| RANIR, LLC, ) | |
| ) | Civil Action No. 1:09-cv-1056 |
| Plaintiff, ) | |
| ) | Hon. Robert Holmes Bell |
| v. ) | |
| ) | **Oral Argument Requested** |
| DENTEK ORAL CARE, INC., ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OF LAW**
**IN SUPPORT OF**
**DEFENDANT'S MOTION FOR PARTIAL DISMISSAL**

# TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT ..................................................................................1

STATEMENT OF FACTS .........................................................................................1

ARGUMENT ..............................................................................................................3

    COUNT ONE SHOULD BE DISMISSED BECAUSE RANIR IS NOT
    IN PRIVITY WITH PLACONTROL..................................................................3

CONCLUSION ...........................................................................................................6

Defendant DenTek Oral Care, Inc. ("DenTek") respectfully submits this memorandum of law in support of its motion to dismiss Count One of the Complaint with prejudice under Federal Rule of Civil Procedure 12(b)(6).

**PRELIMINARY STATEMENT**

By its Complaint, among other things, Plaintiff Ranir, LLC ("Ranir") seeks a declaration from this Court precluding DenTek from asserting claims regarding the advertising claim "#1 Hi-Performance Flosser Brand Worldwide." This first claim for relief should be dismissed because the underlying basis for it – that Ranir is in privity with an entity that DenTek previously sued and lost to in another forum – is not established by Ranir's own allegations in the Complaint. Therefore, Count One of the Complaint should be dismissed.

**STATEMENT OF FACTS**

DenTek is a manufacturer and distributor of oral care products, including dental flossers. *See* Compl. ¶ 10. On June 16, 2008, DenTek commenced an action against an entity called Placontrol, Inc. ("Placontrol") in the United States District Court for the Eastern District of Tennessee, alleging that the advertising claim "#1 Hi-Performance Flosser Brand Worldwide," found on the Plackers® packaging, was materially false or created a materially false impression, and that Placontrol was therefore liable for false advertising under 15 U.S.C. §1125(a), as well as unfair competition and injurious falsehood under Tennessee common law (the "Tennessee Action"). *See id.* ¶ 12 & Ex. 2 thereto.

At the time DenTek filed the Tennessee Action, Placontrol manufactured and sold the Plackers® brand of dental flossers. *See id.* ¶ 9. However, during the pendency of the Tennessee Action, in or about January 2009, Ranir allegedly "acquired certain assets from Placontrol, including the Plackers brand." *Id.* Notably, in the complaint in this action, Ranir does not allege that it simultaneously acquired the liabilities from Placontrol through this transaction. Ranir is

3

now allegedly the exclusive owner of the Plackers® brand of dental flossers, which it manufactures, markets, and sells worldwide. *See id.*

Later that year, on August 26, 2009, the Tennessee federal court issued an order directing DenTek to show cause why the Tennessee Action should not be dismissed for failure to prosecute. *See id.* ¶ 13 & Ex. 3 thereto. On September 18, 2009, in the absence of a response from DenTek to that order, the court dismissed the Tennessee Action. *See id.* ¶ 14 & Ex. 4 thereto. On November 11, 2009, DenTek sent Placontrol (not Ranir) a cease-and-desist letter, threatening to bring a second lawsuit if Placontrol did not immediately remove the statement "#1 Hi-Performance Flosser Brand Worldwide" from the packaging of its dental flossers and enclosing a draft complaint. *See id.* ¶ 15 & Ex. 5 thereto. Ranir alleges that DenTek misrepresented in that letter the manner in which the Tennessee Action was dismissed. *See id.* ¶ 16.

Thereafter, Ranir (not Placontrol) filed the instant action, seeking various declarations from the Court. Specifically, in Count One, it seeks a declaration that DenTek cannot assert any federal or state causes of action based upon the advertising claim identified in the November 11 letter under "principles of res judicata and/or collateral estoppel" and "equitable principles, such as laches, estoppel, and unclean hands." *See id.* ¶¶ 18-20. In Counts Two through Four, Ranir seeks declarations that the same advertising claim does not violate 15 U.S.C. § 1125(a) or Michigan unfair competition and injurious falsehood laws. *See id.* ¶¶ 21-28.

## ARGUMENT
### COUNT ONE SHOULD BE DISMISSED BECAUSE RANIR IS NOT IN PRIVITY WITH PLACONTROL

By its own admission, Ranir is not in privity with Placontrol, and, thus, Ranir cannot benefit from whatever adverse impact may be attributable to DenTek as a result of its conduct in

connection with Placontrol and the Tennessee Action. In particular, the res judicata doctrine consists of two preclusion concepts – claim preclusion and issue preclusion (also known as collateral estoppel). *See Action Distrib. Co. v. Int'l Bhd. of Teamsters Local 1038*, 977 F.2d 1021, 1026 (6th Cir. 1992). "Claim preclusion refers to the effect of a judgment in foreclosing litigation of a matter that never has been litigated, because of a determination that it should have been advanced in an earlier suit," while "[i]ssue preclusion refers to the effect of a judgment in foreclosing relitigation of a matter that has been litigated and decided." *Rawe v. Liberty Mut. Fire Ins. Co.*, 462 F.3d 521, 528 n.5 (6th Cir. 2006) (citing *Migra v. Warren City Sch. Bd. of Educ.*, 465 U.S. 75, 77 n.1 (1983) (internal citations omitted).

Claim preclusion bars a subsequent action where the following elements are present: (1) a final decision on the merits by a court of competent jurisdiction; (2) a subsequent action between the same parties or their privies; (3) an issue in the subsequent action which was litigated or which should have been litigated in the prior action; and (4) an identity of the causes of action. *Bercherer v. Merrill Lynch*, 193 F.3d 415, 422 (6th Cir. 1999). In the claim preclusion context, privity means a successor-in-interest to the party, namely, one who controlled the earlier action or one whose interests were adequately represented. *Saylor v. United States*, 315 F.3d 664, 668 (6th Cir. 2003). To be a successor-in-interest, a company must assume *both* its predecessor's assets and liabilities. *See, e.g., Frankenmuth Mut. Ins. Co. v. Marlette Homes, Inc.*, 573 N.W.2d 611, 612 n.1 (Mich. 1998); *accord Maldonado v. Valsyn S.A.*, 434 F. Supp. 2d 90, 92 (D.P.R. 2006) ("[A] corporation is a successor in interest of another if . . . : (1) the transferee of assets has made an assumption of liability (implied or explicit); (2) the transfer of assets is a *de facto* merger between the two corporations; (3) the transferee corporation is a mere continuation of the seller corporation; or (4) the transfer of assets was fraudulent.").

5

Here, Ranir admits in the Complaint that it only "acquired certain assets," thereby affirmatively disavowing that it purchased any of Placontrol's liabilities. Moreover, there are no allegations that Ranir was, in any way, in control of the Tennessee Action, or that its interests were somehow adequately represented by Placontrol. Accordingly, Ranir is not the successor-in-interest to Placontrol, and, thus, it cannot employ the claim preclusion doctrine to bar DenTek's claims.[1]

Count One also fails under principles of issue preclusion. Issue preclusion requires that: (1) a question of fact essential to the judgment had been actually litigated and determined by a valid and final judgment; (2) the same parties had a full and fair opportunity to litigate the issue; and (3) there be mutuality of estoppel. *Unum Ins. Co. of Am. v. Gary*, No. 09-10045, 2009 WL 2778060, at *3 (E.D. Mich. Aug. 27, 2009). Mutuality of estoppel requires that the party invoking collateral estoppel was a party, or in privity with a party, in the prior action. Id. at *5. An entity in privity with another is one who, after rendition of the judgment, has acquired an interest in the subject matter affected by the judgment through or under one of the parties, as by inheritance, succession, or purchase. *Howell v. Vito's Trucking & Excavating Co.*, 191 N.W.2d

---

[1] Courts have also sometimes used the successor-in-interest theory interchangeably with the concept of successor-in-liability. *See LiButti v. United States*, 178 F.3d 114, 124 (2d Cir. 1999). "[I]n Michigan, the traditional rule of successor liability examines the nature of the transaction between predecessor and successor corporations . . . . [W]here the purchase is accomplished by an exchange of cash for assets, the successor is not liable for the predecessor's liabilities unless one of five narrow exceptions applies." *Kettles v. Rent-Way, Inc.* No. 1:09-cv-230, 2009 WL 1406670, at *11 (W.D. Mich. May 18, 2009) (internal citations omitted). The five exceptions are: (1) where there is an express or implied assumption of liability; (2) where the transaction amounts to a consolidation or merger; (3) where the transaction was fraudulent; (4) where some of the elements of a purchase in good faith were lacking, or where the transfer was without consideration and the creditors of the transferor were not provided for; or (5) where the transferee corporation was a mere continuation or reincarnation of the old corporation. *Foster v. Cone-Blanchard Mach. Co.*, 597 N.W.2d 506, 509-10 (Mich. 1999). The Complaint contains no allegations that any of these exceptions might apply, and, thus, even under the successor-in-liability concept, Ranir has not demonstrated that its relationship to Placontrol is legally sufficient to warrant application of the claim preclusion doctrine to DenTek.

313, 316 (Mich. 1971).  Here, Ranir was not a party to the Tennessee Action, and the Complaint is devoid of any allegations that Ranir has acquired the same interest in the subject matter of the Tennessee Action as that possessed by Placontrol.  Accordingly, Ranir cannot employ the issue preclusion doctrine to bar DenTek.

Moreover, Ranir's lack of privity with Placontrol renders its other bases for relief in Count One equally meritless.  Because whatever actions DenTek took in Tennessee were all directed at Placontrol (including sending the November 11 letter), the same foregoing reasoning applies to bar Ranir from employing other doctrines – such as the purported doctrines of laches, estoppel, and unclean hands – to prevail on this count.  Simply put, for the purposes of determining any entitlement to declaratory relief as between Ranir and DenTek, Ranir is not the same entity as Placontrol, as demonstrated by its own Complaint, and, thus, Ranir cannot rely upon the interactions between DenTek and Placontrol to support its claim here.

Therefore, Count One of the Complaint should be dismissed.

## CONCLUSION

For the foregoing reasons, the Court should dismiss Count One of the Complaint with prejudice.

Dated:  January 13, 2010

Respectfully submitted,

MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.

By: /s/Richard A. Gaffin
 Richard A. Gaffin
 Joseph M. Infante
 1200 Campau Square
 99 Monroe Avenue, N.W.
 Grand Rapids, MI  49503
 (616) 454-8656
 gaffin@millercanfield.com
 infante@millercanfield.com

*Attorneys for Defendant DenTek Oral Care, Inc.*

Of Counsel:
    James H. Shalek (not admitted)
    Theodore K. Cheng (not admitted)
    Courtney Devon Taylor (not admitted)
    PROSKAUER ROSE LLP
    1585 Broadway
    New York, NY 10036-8299
    (212) 969-3000

17,603,821.1\144078-00001