# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MICHIGAN

| | | |
|---|---|---|
| RANIR, LLC, | ) | |
| | ) | Civil Action No. 1:09-cv-1056 |
| Plaintiff, | ) | |
| | ) | Hon. Robert Holmes Bell |
| v. | ) | |
| | ) | |
| DENTEK ORAL CARE, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OF LAW IN OPPOSITION TO
## DEFENDANT'S MOTION FOR PARTIAL DISMISSAL

Dated: February 16, 2010

H. W. Reick (P19310)
Matthew J. Gipson (P60169)
PRICE, HENEVELD, COOPER,
DEWITT & LITTON, LLP
695 Kenmoor, S.E.
P.O. Box 2567
Grand Rapids, MI 49501
Tel: (616) 949-9610
Fax: (616) 957-8196

OF COUNSEL:

Robert J. Gunther, Jr.
Dyan Finguerra-DuCharme
Omar A. Khan
WILMER CUTLER PICKERING
 HALE AND DORR LLP
399 Park Avenue
New York, NY
Tel.: (212) 937-7200
Fax: (212) 888-2330

*Attorneys for Plaintiff Ranir, LLC*

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................................1

FACTUAL BACKGROUND.............................................................................................2

ARGUMENT.......................................................................................................................3

I.      The Complaint Adequately Pleads Privity Between Ranir and Placontrol..........................3

II.     The Prior Judgment Has Collateral Estoppel Effect, Even in the Absence of Privity
        Between Ranir and Placontrol. ..........................................................................................7

III.    Privity is Not an Element of the Equitable Defenses Asserted in Count One of the
        Complaint....................................................................................................................10

CONCLUSION...................................................................................................................11

## TABLE OF AUTHORITIES

### CASES

*Action Distributing Co. v. International Brotherhood Of Teamsters Loca*l *1038*
   977 F.2d 1021 (6th Cir. 1992) ................................................................................. 4

*Allen v. McCurry*,
   449 U.S. 90 (1980)................................................................................................... 8

*Allstate Ins. Co. v. Blount*,
   491 F.3d 903 (8th Cir. 2007) ................................................................................... 9

*Becherer v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*,
   43 F.3d 1054 (6th Cir. 1995) ................................................................................... 5

*Bigelow v. Old Dominion Copper Mining & Smelting Co.*,
   225 U.S. 111 (1912)................................................................................................. 5

*Brunswick Corp. v. Chrysler Corp.*,
   408 F.2d 335 (7th Cir. 1969) ................................................................................... 6

*Burlington Northern Railroad Co. v. Hyundai Merchant Marine Co., Ltd.*,
   63 F.3d 1227 (3d Cir. 1995)..................................................................................... 9

*Carson v. Challenger Corp.*,
   No. W2006-00558-COA-R3-CV, 2007 WL 177575 (Tenn. Ct. App. Jan. 25, 2007)............... 6

*Crossroads Media, LLC v. Village of Baldwin*,
   No. 1:06-CV-514, 2007 WL 772901 (W.D. Mich. March 12, 2007)........................................ 6

*Foster v. Cone-Blanchard Machine Co.*,
   460 Mich. 696 (1999) .............................................................................................. 7

*Frankenmuth Mutual Insurance Co. v. Marlette Homes, Inc.*,
   456 Mich. 511 (1998) .............................................................................................. 6

*G&C Merriam Co. v. Saalfield*,
   190 F. 927 (6th Cir. 1911) ....................................................................................... 6

*Hynix Semiconductor Inc. v. Rambus Inc.*,
   No. C-00-20905, 2009 WL 292205 (N.D. Cal. Feb. 3, 2009) .................................... 9

*In re Air Crash at Detroit Metropolitan Airport*,
   976 F. Supp. 1076 (E.D. Mich. 1997).................................................................... 5

*Induct-O-Matic Corp. v. Inductotherm Corp.*,
   747 F.2d 358 (6th Cir. 1984) ............................................................................... 10

*Insurance Co. of North America, Inc. v. Neuman,*
  No. 180612, 1997 WL 33354563 (Mich. App. Jan. 14, 1997) ........................................... 9, 10

*J. R. Clark Company v. Jones & Laughlin Steel Corp.,*
  288 F.2d 279 (7th Cir. 1961) ................................................................................................ 6

*Kettles v. Rent-Way, Inc.,*
  No. 1:09-cv-230, 2009 WL 1406670 (W.D. Mich. May 18, 2009) .................................... 6, 7

*Maldonado v. Valsyn S.A.,*
  434 F. Supp. 2d 90 (D.P.R. 2006) ........................................................................................ 6

*Monat v. State Farm Insurance Co.,*
  469 Mich. 679 (2004) ....................................................................................................... 8, 9

*Mutchler v. Dunlap Memorial Hosp.,*
  485 F.3d 854 (6th Cir. 2007) ............................................................................................. 10

*Parklane Hosiery Co., Inc. v. Shore,*
  439 U.S. 322 (1979) ............................................................................................................. 8

*Performance Unlimited, Inc. v. Questar Publishers, Inc.,*
  52 F.3d 1373 (6th Cir. 1995) ............................................................................................. 10

*Postal Telegraph Cable Co. v. City of Newport, Ky.,*
  247 U.S. 464 (1918) ............................................................................................................. 5

*Raytech Corp. v. White,*
  54 F.3d 187 (3d Cir. 1995) .................................................................................................. 9

*Richardson v. Tennessee Board of Dentistry,*
  913 S.W.2d 446 (Tenn. 1995) ............................................................................................. 6

*Sanders Confectionery Products, Inc. v. Heller Financial, Inc.,*
  973 F.2d 474 (6th Cir. 1992) ........................................................................................... 4, 5

*Santana-Albarran v. Ashcroft,*
  393 F.3d 699 (6th Cir. 2005) ............................................................................................. 7

*Saylor v. United States,*
  315 F.3d 664 (6th Cir. 2003) ............................................................................................. 4

*Semtek International Inc. v. Lockheed Martin Corp.,*
  531 U.S. 497 (2001) ............................................................................................................. 6

*Sloan v. Madison Heights,*
  425 Mich. 288 (1986) .......................................................................................................... 6

*Spilman v. Harley,*
  656 F.2d 224 (6th Cir. 1981) ............................................................................... 8

*Systems Maintenance, Inc. v. Warren,*
  No. 1233, 1989 WL 3103 (Tenn. Ct. App. Jan. 20, 1989) .......................................... 9

*Taylor v. Sturgell,*
  128 S.Ct. 2161 (2008) .......................................................................................... 6

*Trinity Industries, Inc. v. McKinnon Bridge Co., Inc.,*
  77 S.W.3d 159 (Tenn. Ct. App. 2001) ..................................................................... 9

*Unum Insurance Co. of America v. Gary,*
  No. 09-10045, 2009 WL 2778060 (E.D. Mich. Aug. 27. 2009) .................................. 8

*Vulcan, Inc. v. Fordees Corp.,*
  658 F.2d 1106 (6th Cir. 1981) ........................................................................... 5, 6

*Wolfe v. Perry,*
  412 F.3d 707 (6th Cir. 2005) ................................................................................. 7

*Yuhasz v. Brush Wellman, Inc.,*
  341 F.3d 559 (6th Cir. 2003) ............................................................................... 10

## RULES AND REGULATIONS

Federal Rule of Civil Procedure 15 ............................................................................. 10

Federal Rule of Civil Procedure 41 ............................................................................... 3

Restatement (Second) of Judgments § 87 ....................................................................... 6

## OTHER AUTHORITIES

Black's Law Dictionary (8th ed. 2004) ....................................................................... 4, 5

18 Moore's Federal Practice § 131.10 (3d ed. 1997) .................................................... 1, 5

# PRELIMINARY STATEMENT

This is a textbook case of a litigant attempting to relitigate the same claims in violation of well-established principles of res judicata.[1] As alleged in Count One of the Complaint, DenTek Oral Care, Inc.'s ("DenTek") false advertising and unfair competition claims were adjudicated on the merits by the Tennessee district court, and this action involves the same set of claims directed toward the same advertising on the same branded products as those that were at issue in the Tennessee action. Permitting DenTek to proceed on its false advertising and unfair competition claims would encourage litigants to engage in duplicative and vexatious litigation, even after the entry of a final judgment adjudicating the rights of the parties in relation to the property interests at stake.

DenTek's challenge to the sufficiency of Count One is premised on its contention that "privity" between Ranir and Placontrol is lacking because the Complaint does not adequately allege that Ranir is a successor to Placontrol. This argument is untenable. It is hornbook law that privity is established, and the preclusive effect of a prior judgment attaches, when the parties to the first and second actions hold successive interests in the property interests that are the subject of both actions. Even if Ranir and Placontrol are not in privity (which they are), federal law precludes DenTek from contesting the issues that it raised, and the Tennessee district court adjudicated, in the prior action. The Court should therefore reject DenTek's motion to dismiss.

---

[1] DenTek uses the term "res judicata" to refer to the related but distinct concepts of claim preclusion and issue preclusion. (Mem. of Law in Supp. of Def.'s Mot. for Partial Dismissal ("Dentek Br.") at 5.) For the purpose of consistency, Ranir continues that usage despite the modern trend of referring to issue preclusion as "collateral estoppel," while reserving the term "res judicata" to mean the doctrine of claim preclusion. *See* 18 Moore's Federal Practice § 131.10[1][b] (3d ed. 1997).

## FACTUAL BACKGROUND

The following facts are alleged in Ranir's Complaint: On June 16, 2008, DenTek brought an action against Placontrol in the United States District Court for the Eastern District of Tennessee ("the Tennessee action") asserting claims for false advertising, unfair competition, and injurious falsehood stemming from Placontrol's advertising and marketing of PLACKERS® brand dental flossers. (Declaratory Judgment Complaint ("Tenn. Compl.") ¶ 12, Ex. 2 at 2.) One of the statements at issue in the Tennessee action was Placontrol's statement, printed on the packaging of the PLACKERS® product, that the PLACKERS® brand of dental flossers was the "#1 Hi-Performance Flosser Brand Worldwide." (*Id.* Ex. 2 at 2.) While the litigation was pending before the Tennessee district court, Ranir negotiated the acquisition of "certain assets from Placontrol, including the PLACKERS® brand." (*Id.* ¶¶ 9, 12-14.) Since that time, Ranir has been continuously marketing and selling PLACKERS® dental flossers as the "#1 Hi-Performance Flosser Brand Worldwide." (*Id.* ¶¶ 9, 11.)

DenTek failed to prosecute its claims in the Tennessee action – indeed, fourteen months passed without so much as an affirmation of service of the complaint being filed with the court. (*Id.* ¶ 13.) On August 26, 2009, the Tennessee district court issued an order to show cause directing DenTek to explain why the action "should not be dismissed for failure to prosecute." (*Id.*) DenTek failed to respond within the three-week period that had been allotted for that purpose. (*Id.* ¶ 14.) On September 18, 2009, the Tennessee district court dismissed the action for failure to prosecute, which operates as an adjudication on the merits under Federal Rule of Civil Procedure 41(b). (*Id.*) DenTek did not appeal this final judgment.

Less than two months after entry of the final judgment in the Tennessee action, DenTek sent a cease-and-desist letter to Placontrol demanding the immediate removal of the statement "#1 Hi-Performance Flosser Brand Worldwide" from the packaging for PLACKERS® dental

flossers. (*Id.* ¶¶ 15-16.) DenTek's counsel falsely represented that "DenTek withdrew the [Tennessee] complaint without prejudice." (*Id.* Ex. 5.) DenTek's counsel also stated that DenTek was "prepared to file a new Complaint," a draft of which was attached to the letter and identical in all material respects to the complaint that previously had been filed (and dismissed with prejudice) in the Tennessee district court. (*Id.*) Ranir then brought this action seeking a declaration of its right to use the statement "#1 Hi-Performance Flosser Brand Worldwide" in connection with the advertising and marketing of PLACKERS® dental flossers.

## ARGUMENT

DenTek premises the entirety of its partial motion to dismiss on two faulty assumptions: (1) "privity" cannot be established on the facts pleaded in the Complaint because Ranir has not alleged that it acquired all of Placontrol, including any attendant liabilities; and (2) privity is a precondition for the award of declaratory relief based on the Tennessee judgment. Both assumptions are demonstrably incorrect.

## I.     The Complaint Adequately Pleads Privity Between Ranir and Placontrol.

The doctrine of res judicata consists of two distinct preclusion concepts—claim preclusion and issue preclusion (collateral estoppel). *Action Distrib. Co. v. International Bhd. Of Teamsters Local 1038*, 977 F.2d 1021, 1026 (6th Cir. 1992). Claim preclusion bars the litigation of a claim when the following elements are satisfied:

> (1) a final decision on the merits by a court of competent jurisdiction; (2) a subsequent action between the same parties or their "privies"; (3) an issue in the subsequent action which was litigated or should have been litigated in the prior action; and (4) an identity of the causes of action.

*Saylor v. United States*, 315 F.3d 664, 668 (6th Cir. 2003).[2] Those elements are met here.

---

[2]     As discussed *infra* Section II, "privity" is not required for collateral estoppel (issue preclusion) to apply in a given case.

The linchpin of DenTek's motion to dismiss is the contention that, on the facts alleged in the Complaint, "privity" cannot be established without showing that Ranir assumed its predecessor's assets and liabilities. (DenTek Br. at 5.) This argument is misplaced. Privity in this context "means a successor in interest to the party, one who controlled the earlier action, or one whose interests were adequately represented." *Sanders Confectionery Prods., Inc. v. Heller Fin., Inc.*, 973 F.2d 474, 481 (6th Cir. 1992). A "successor-in-interest" is defined as "a non-party who has succeeded to a party's interest in property" and "is bound by any prior judgments against the party" with respect to that property. *Becherer v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 43 F.3d 1054, 1070 (6th Cir. 1995); *In re Air Crash at Detroit Metro. Airport*, 976 F. Supp. 1076, 1079 (E.D. Mich. 1997); *see also* 18 Moore's Federal Practice § 131.40[3][a], [b] (3d ed. 1997) (privity established by "relationships based on transfers of property"); Black's Law Dictionary (8th ed. 2004) (defining "successor in interest" as "[o]ne who follows another in ownership or control of property"). Thus, in the context of determining whether the doctrine of claim preclusion applies, the term "successor-in-interest" does not refer to the relationship between the parties themselves, but rather to the parties' relationship to the property interest at issue in the prior action.[3] In fact, some of the earliest applications of nonparty preclusion principles were in cases involving individuals and entities that had a "mutual or successive relationship to the same right of property." *Postal Tel. Cable Co. v. City of Newport, Ky.*, 247 U.S. 464, 475-76 (1918); *see also Bigelow v. Old Dominion Copper Mining & Smelting Co.*, 225 U.S. 111, 128-29 (1912).

---

[3]     In arguing that privity cannot be shown unless Ranir has assumed the liabilities of Placontrol, DenTek confuses the term "successor-in-interest" with the more stringent term "successor," which refers to a "corporation that, through amalgamation, consolidation, or other assumption of interests, is vested with the rights and duties of an earlier corporation." Black's Law Dictionary (8th ed. 2004).

There is no suggestion in the applicable case law that the concept of "privity" necessarily entails succeeding to the liabilities of the predecessor company.[4] To the contrary, in *Vulcan, Inc. v. Fordees Corp.*, 658 F.2d 1106 (6th Cir. 1981), the Sixth Circuit squarely rejected the argument that a "successor-in-interest," for purposes of establishing privity, must acquire all of the assets and liabilities of the predecessor company. In that case, defendant Fordees acquired rights to certain specifications and drawings from a third party that previously had entered into a consent decree declaring that the use of those specifications and drawings was an infringement of a valid and enforceable patent. *Vulcan, Inc.*, 658 F.2d at 1108-09. When Fordees proceeded to use the infringing specifications and drawings himself, the patent owner brought suit to enjoin the infringement. *Id.* Fordees argued that he was not in privity with the party to the prior action because "a successor in interest must formally take over its predecessor's business." *Id.* at 1109-11. The Court declined to adopt such a narrow view of privity, holding that the "derivative successive interest to the same property right was sufficient." *Id.*; *G&C Merriam Co. v. Saalfield*, 190 F. 927, 932 (6th Cir. 1911) ("If a third party may thus come into the acquisition of rights involved in pending litigation without being bound by the final judgment, and require a suit de novo in order to bind him, he might, pending that suit, alienate that right to another with the same result, and a final decree bearing fruit could never be reached."); *see also Brunswick*

<hr />

[4] DenTek implicitly suggests that Michigan law governs the question of whether the Tennessee judgment bars the relitigation of the claims that were previously asserted against Placontrol. (DenTek Br. at 4-6.) To the contrary, the preclusive effect of a federal judgment is governed exclusively by federal law. *See Taylor v. Sturgell*, 128 S.Ct. 2161, 2171 (2008); *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 507 (2001); *see also* Restatement (Second) of Judgments § 87 ("Federal law determines the effects under the rules of res judicata of a judgment of a federal court."). To the extent that state law applies at all, the Court must apply Tennessee, and not Michigan, law because the prior judgment was rendered by a district court in Tennessee. *See, e.g.*, *Semtek*, 531 U.S. at 506-09.

In any event, Michigan law is identical to federal law on the point that "privity" in the context of res judicata, "does not denote relationships between the parties themselves," but rather a shared "identity of interests relating to the subject matter of the litigation." *Sloan v. Madison Heights*, 425 Mich. 288, 295-296 (1986). Such an identity of interests is established when the parties have "a mutual or successive relationship to the same rights of property." *Id.* Tennessee law is also identical in this respect. *See Carson v. Challenger Corp.*, No. W2006-00558-COA-R3-CV, 2007 WL 177575, at *3 n. 3 (Tenn. Ct. App. Jan. 25, 2007); *Richardson v. Tennessee Bd. of Dentistry*, 913 S.W.2d 446, 459 (Tenn. 1995). Thus, applying federal, Michigan, or Tennessee law, the result is the same – the parties are in privity and the motion should therefore be denied.

*Corp. v. Chrysler Corp.*, 408 F.2d 335 (7th Cir. 1969) (holding that defendant need not succeed to the entire business to be in privity with the party to the previous litigation, as long as it purchased the portion of the business that was at issue in that litigation); *J. R. Clark Company v. Jones & Laughlin Steel Corp.*, 288 F.2d 279 (7th Cir. 1961) (same); *Crossroads Media, LLC v. Village of Baldwin*, No. 1:06-CV-514, 2007 WL 772901, at *2-3 (W.D. Mich. March 12, 2007) (holding that plaintiff was a "successor-in-interest" where it had purchased "the rights, title and interest" in the property at issue in the prior action).

The cases cited by DenTek are inapposite because none apply federal law, and none involve questions of res judicata, much less the scope of the doctrine of res judicata with respect to non-parties. *See, e.g.*, *Frankenmuth Mut. Ins. Co. v. Marlette Homes, Inc.*, 456 Mich. 511, 512 (1998) (successor-in-interest relationship for purposes of capacity to be sued); *Maldonado v. Valsyn S.A.*, 434 F. Supp. 2d 90, 91-92 (D.P.R. 2006) (successor-in-interest for purposes of Fed. R. Civ. P. 25(c)); *Kettles v. Rent-Way, Inc.*, No. 1:09-cv-230, 2009 WL 1406670, at *11 (W.D. Mich. May 18, 2009) (deciding issue of when a corporation must abide by its predecessor's agreement to arbitrate); *Foster v. Cone-Blanchard Mach. Co.*, 460 Mich. 696, 698 (1999) (examining scope of "successor corporation's duty to warn its customers of defects in a product manufactured by its predecessor").

Here, the Complaint alleges that Ranir acquired the PLACKERS® brand of dental flossers from Placontrol, and that, as the exclusive owner of PLACKERS® dental flossers, it continues to advertise PLACKERS® as the "#1 Hi-Performance Flosser Brand Worldwide," which is precisely the same claim that was the subject of the prior adjudicated action in Tennessee. (Tenn. Compl. ¶¶ 9, 11.) Because the instant action involves exactly the same property interests, advertising statement, and legal claims as the Tennessee action, Ranir has met

its pleading burden with respect to privity and the application of the claim preclusion doctrine. As such, the Court should reject DenTek's arguments and deny the motion to dismiss.

## II. The Prior Judgment Has Collateral Estoppel Effect, Even in the Absence of Privity Between Ranir and Placontrol.

Despite DenTek's argument, privity is not a requirement for the application of the other preclusion doctrine embodied in the concept of res judicata—issue preclusion, or collateral estoppel. In this Circuit, collateral estoppel applies when: "(1) the issue in the subsequent litigation is identical to that resolved in the earlier litigation; (2) the issue was actually litigated and decided in the prior action; (3) the resolution of the issue was necessary and essential to a judgment on the merits in the prior litigation; (4) *the party to be estopped* was a party to the prior litigation (or in privity with such a party); and (5) *the party to be estopped* had a full and fair opportunity to litigate the issue." *Wolfe v. Perry*, 412 F.3d 707, 716 (6th Cir. 2005) (emphasis added); *see also Santana-Albarran v. Ashcroft*, 393 F.3d 699, 704 (6th Cir. 2005) (same). As set out in the fourth element of the Sixth Circuit standard, privity is a requirement only as to the *party to be estopped* (in this case, DenTek) and not the party asserting collateral estoppel (in this case, Ranir).

DenTek incorrectly argues that both parties to the instant action must be in privity with the parties to the prior action, or in other words, that there must be "mutuality of estoppel." As support for that proposition, DenTek cites *Unum Ins. Co. of Am. v. Gary*, No. 09-10045, 2009 WL 2778060 (E.D. Mich. Aug. 27, 2009). In that case, however, the district court was analyzing the preclusive effect of an earlier factual determination by the Wayne County Probate Court. *See Unum Ins. Co. of Am.*, No. 09-10045, 2009 WL 2778060 at *3. The court correctly concluded that Michigan's collateral estoppel law applied under those circumstances because a federal court

must "give a state court decision the same res judicata effect that another state court in the same state would give to that state court decision." *Id.*

As discussed *supra* Section I, however, this case involves the preclusive effect of a prior federal judgment, which is a question governed exclusively by federal law. Notably absent from the Sixth Circuit's recitation of the federal requirements for collateral estoppel is any suggestion that the party asserting collateral estoppel must be in privity with a party to the prior litigation. Indeed, the Supreme Court long ago abandoned the so-called "mutuality of estoppel" requirement in this context. *See Allen v. McCurry*, 449 U.S. 90, 94-95 (1980); *Parklane Hosiery Co., Inc. v. Shore*, 439 U.S. 322, 326-27 (1979); *see also Spilman v. Harley*, 656 F.2d 224, 228 (6th Cir. 1981).

Besides the fundamental issue that *Unum Insurance* does not involve the relevant test, the decision is also inapplicable because the question in that case was whether mutuality is a requirement for *offensive* collateral estoppel under Michigan law.[5] The district court in *Unum Insurance* cited to the decision of the Michigan Supreme Court in *Monat v. State Farm Ins. Co.*, as support for the contention that mutuality is a condition precedent to the application of collateral estoppel under Michigan law. 469 Mich. 679, 688 (2004). In *Monat*, the Michigan Supreme Court explained that mutuality is only a requirement "where collateral estoppel was

---

[5]     Collateral estoppel is generally presented either "offensively" or "defensively," depending on whether the doctrine is raised as a sword or a shield. As the Supreme Court explained in *Parklane Hosiery*:

> [O]ffensive use of collateral estoppel occurs when the plaintiff seeks to foreclose the defendant from litigating an issue the defendant has previously litigated unsuccessfully in an action with another party. Defensive use occurs when a defendant seeks to prevent a plaintiff from asserting a claim the plaintiff has previously litigated and lost against another defendant.

439 U.S. at 326 n.6.

asserted *offensively*" and that "the clear import" of its precedent "is to allow defensive collateral estoppel where mutuality does not exist." *Id.* at 688 n.5 (emphasis in original).[6]

In this case, Ranir has raised collateral estoppel defensively. In declaratory judgment actions, the parties' respective positions in the case are not strictly relevant for purposes of characterizing the assertion of collateral estoppel as either "offensive" or "defensive." When the declaratory judgment plaintiff invokes collateral estoppel, the issue is raised "defensively" because the purpose is to assert a defense to the cause of action that would have been asserted by the declaratory judgment defendant. *See, e.g.*, *Allstate Ins. Co. v. Blount*, 491 F.3d 903, n.9 (8th Cir. 2007) (assertion of collateral estoppel by declaratory judgment plaintiff was "defensive" because it "would have raised the same collateral estoppel argument in a defensive fashion"); *Burlington N. R.R. Co. v. Hyundai Merchant Marine Co., Ltd.*, 63 F.3d 1227, 1232 n.4 (3d Cir. 1995) (the fact that the putative defendant "preemptively brought this action for declaratory judgment . . . does not alter the structural essence of the case"); *Hynix Semiconductor Inc. v. Rambus Inc.*, No. C-00-20905, 2009 WL 292205, at *2 (N.D. Cal. Feb. 3, 2009) (same); *see also Raytech Corp. v. White*, 54 F.3d 187, 190 n.5 (3d Cir. 1995) (finding that, where defendants in a declaratory judgment action raise collateral estoppel, the issue is one of "offensive collateral estoppel"); *Insurance Co. of North Am., Inc. v. Neuman*, No. 180612, 1997 WL 33354563, at *1 (Mich. App. Jan. 14, 1997) (noting that declaratory judgment defendant's use of collateral estoppel was "offensive").

---

[6]    As noted above, Michigan law does not apply in this case. If the court were to conclude that state law, and not federal law, controls, Tennessee law would apply and the result would be the same. *See, e.g., Trinity Indus., Inc. v. McKinnon Bridge Co., Inc.*, 77 S.W.3d 159, 185 (Tenn. Ct. App. 2001) ("Tennessee has not required party mutuality in applying defensive collateral estoppel . . . ."); *Systems Maint., Inc. v. Warren*, No. 1233, 1989 WL 3103, at *2 (Tenn. Ct. App. Jan. 20, 1989) (citing "Tennessee cases which have applied or discussed the 'defensive use' of the doctrine, absent mutuality").

Accordingly, both federal and state preclusion law lead to the same result that privity is not required to give collateral estoppel effect to the Tennessee judgment. Thus, even assuming *arguendo* that Ranir has not sufficiently alleged privity with Placontrol (which it has), the Court should deny the motion to dismiss as it relates to Ranir's collateral estoppel defense.

## III. Privity is Not an Element of the Equitable Defenses Asserted in Count One of the Complaint.

Without citing any legal authority, DenTek asserts that the lack of privity between Ranir and Placontrol is fatal to the equitable defenses asserted in the Complaint. As discussed *supra* Section II, the Complaint sufficiently alleges privity between Ranir and Placontrol based on their successive interest in the property rights that were at issue in the Tennessee action. In any event, privity is not an element of the equitable defenses of laches, estoppel, and unclean hands, which are concerned with the prejudicial impact to the claimant without regard for its formal relationship with the offending party. *See, e.g., Induct-O-Matic Corp. v. Inductotherm Corp.*, 747 F.2d 358, 367 (6th Cir. 1984) ("A party asserting laches must show . . . prejudice to the party asserting it."); *Performance Unlimited, Inc. v. Questar Publishers, Inc.*, 52 F.3d 1373, 1383 (6th Cir. 1995) (essence of unclean hands is "bad faith related to the matter at issue to the detriment of the other party."); *Mutchler v. Dunlap Mem'l Hosp.*, 485 F.3d 854, 860-61 (6th Cir. 2007) (equitable estoppel requires "detrimental and justifiable reliance by the party asserting estoppel on the representation"). Accordingly, DenTek's motion to dismiss as to the equitable defenses of laches, estoppel, and unclean hands should be denied.[7]

---

[7] If the Court were to grant any part of DenTek's motion to dismiss, Ranir would respectfully seek leave to amend the Complaint in order to cure any pleading deficiencies identified by the Court's rulings. *See, e.g.*, Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires."). DenTek premises its motion on the theory that Ranir did not sufficiently plead that it was in "privity" with Placontrol. While Ranir believes that the Complaint as filed sufficiently pleads the preclusive effect of the Tennessee judgment, it is prepared to allege additional details relating to the Placontrol asset purchase that are likely to overcome DenTek's objections in this regard. Accordingly, granting Ranir leave to amend will not be futile. *See, e.g., Yuhasz v. Brush Wellman, Inc.*, 341 F.3d 559, 569 (6th Cir. 2003).

# CONCLUSION

For the foregoing reasons, the Court should deny DenTek's motion to dismiss.

Respectfully submitted,

Dated: February 16, 2010

/s/ Matthew J. Gipson
H. W. Reick (P19310)
Matthew J. Gipson (P60169)
PRICE, HENEVELD, COOPER,
DEWITT & LITTON, LLP
695 Kenmoor, S.E.
P.O. Box 2567
Grand Rapids, MI 49501
Tel: (616) 949-9610
Fax: (616) 957-8196
hreick@priceheneveld.com
mgipson@priceheneveld.com

OF COUNSEL:
Robert J. Gunther, Jr.
Dyan Finguerra-DuCharme
Omar A. Khan
WILMER CUTLER PICKERING
  HALE AND DORR LLP
399 Park Avenue
New York, NY
Tel.: (212) 937-7200
Fax: (212) 888-2330
robert.gunther@wilmerhale.com
dyan.finguerra-ducharme@wilmerhale.com
omar.khan@wilmerhale.com

*Attorneys for Plaintiff Ranir, LLC*