# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| RANIR, LLC,  ) | |
| ) | Civil Action No. 1:09-cv-1056 |
| Plaintiff,  ) | |
| ) | Hon. Robert Holmes Bell |
| v.  ) | |
| ) | **Oral Argument Requested** |
| DENTEK ORAL CARE, INC.,  ) | |
| ) | |
| Defendant.  ) | |

# REPLY MEMORANDUM OF LAW
# IN FURTHER SUPPORT OF
# DEFENDANT'S MOTION FOR PARTIAL DISMISSAL

# **TABLE OF CONTENTS**

    Page

PRELIMINARY STATEMENT ...................................................................................................1

ARGUMENT ...................................................................................................................................1

    I.    RANIR'S CLAIM PRECLUSION ARGUMENT FAILS BECAUSE IT LACKS PRIVITY WITH PLACONTROL ....................................1

    II.    RANIR LIKEWISE CANNOT DEMONSTRATE ISSUE PRECLUSION ..................................................................................................4

    III.    RANIR CANNOT ASSERT ANY EQUITABLE DEFENSES AGAINST DENTEK BECAUSE IT LACKS PRIVITY WITH PLACONTROL ....................................................................................................8

CONCLUSION ................................................................................................................................8

Defendant DenTek Oral Care, Inc. ("DenTek") respectfully submits this reply memorandum of law in further support of its motion to dismiss Count One of the Complaint with prejudice under Federal Rule of Civil Procedure 12(b)(6).

**PRELIMINARY STATEMENT**

Ranir attempts to stave off dismissal of its fatally deficient declaratory judgment claim by choosing to ignore established case law and misconstruing the nature of its claim in Count One of the Complaint. Nothing in Ranir's opposition brief alters the conclusion that, because Ranir cannot demonstrate privity with Placontrol – the entity involved in the prior Tennessee Action against DenTek – Ranir cannot prevail on Count One. Therefore, that claim should be dismissed as a matter of law.

**ARGUMENT**

**I. RANIR'S CLAIM PRECLUSION ARGUMENT FAILS BECAUSE IT LACKS PRIVITY WITH PLACONTROL**

In its opening memorandum, DenTek argued that Count One should be dismissed because Ranir conceded, through its pleading, that it is not in privity with Placontrol, and thus, Ranir cannot assert claim preclusion against DenTek to benefit from any adverse impact that may be attributable to DenTek as a result of its conduct in connection with Placontrol in the prior Tennessee Action. *See* DenTek Mem. at 4-6. In response, Ranir contends that its Complaint adequately pleads privity between Ranir and Placontrol, despite the fact that Ranir did not acquire any of Placontrol's liabilities.[1] *See* Ranir Mem. at 3-7. That contention is refuted by well established precedent to the contrary.

---

[1] Ranir questions DenTek's understanding of the term "successor in interest" and contends that only the more stringent term "successor" refers to a corporation that is vested with the duties of an earlier corporation. *See* Ranir Mem. at 4 n.3. However, as explained in DenTek's opening memorandum, courts have used the successor-in-interest theory interchangeably

1

Courts have routinely held that the purchase of assets alone is insufficient to create a successor-in-interest relationship. *See, e.g., Excel Energy*, 337 Fed. Appx. at 487 (holding that corporations were not liable under a successor-in-interest theory where they did not expressly assume the duties and liabilities of the acquired corporation); *Esquire Trade & Fin. v. CBQ, Inc.*, 562 F.3d 516, 520 (2d Cir. 2009) (holding that a buyer was not a successor-in-interest for the purpose of determining the res judicata effect of a dismissal because it had only assumed the corporation's assets); *Norfolk S. Ry. Co. v. Trinity Indus., Inc.*, No. 3-07-CV-1905-F, 2009 WL 362437, at *4 (N.D. Tex. Feb. 13, 2009) (holding that there is no successor-in-interest relationship where an acquiring corporation does not expressly agree to assume the liabilities of the party to the agreement). Thus, without having purchased the liabilities of Placontrol, Ranir cannot be deemed to be Placontrol's successor-in-interest and, accordingly, is not in privity with Placontrol.

In opposing DenTek's motion, Ranir's reliance on *Vulcan, Inc. v. Fordees Corp.*, 658 F.2d 1106 (6th Cir. 1981), is misplaced because that decision is inapposite to the instant dispute between DenTek and Ranir. *Vulcan* involved a claim for patent infringement, in which the accused infringer had acquired certain engineering specifications (in order to construct the allegedly infringing device) from a third-party that was then in a separate infringement lawsuit over the same patent-in-suit against the plaintiff's predecessor. *See id.* at 1108. Because of this pending litigation, the defendant insisted that the third-party indemnify it against liability for infringing the patent-in-suit. *See id.* Thereafter, the prior litigation ended with the entry of a consent decree, in which the third-party declared that the patent-in-suit was both valid and

---

with the concept of successor liability. *See* DenTek Mem. at 4 n.1; *see also Excel Energy, Inc. v. Cannelton Sales Co.*, 337 Fed. Appx. 480, 484 (6th Cir. 2009) (applying successor-in-liability rule to consideration of whether an entity was a successor-in-interest to another corporation).

infringed. *See id.* at 1108-09. Under these circumstances, the district court found that the defendant and the third-party were in privity with respect to the subject matter of the prior consent decree, and, therefore, the defendant was bound by the prior consent judgment. *See id.* at 1109. The Sixth Circuit affirmed because the defendant's right to indemnity from the third-party depended upon the outcome of the prior lawsuit between the plaintiff's predecessor and the third-party. *See id.* at 1109-11. The situation described in *Vulcan*, however, is not even remotely present in this case. Here, unlike in *Vulcan*, no prior declarations of rights, obligations, or liabilities are at issue, and there are no agreements regarding the indemnification of liability (or, for that matter, any other issue) between any of the parties-in-suit. At best, an adjudication of certain discrete claims brought in the Tennessee Action will have preclusive effect on DenTek's ability to litigate those exact same claims in the future against Placontrol or parties in privity with Placontrol, which do not include Ranir.

Ranir also relies upon century-old authority that does not procedurally raise declaratory judgment claims, and that predates the more modern trend of refusing to denote as "successors-in-interest" those companies that fail to assume any obligations or liabilities of the acquired company. *See* Ranir Mem. at 4-5 (citing U.S. Supreme Court decisions from the early 1900s). The prevailing law is that a successor-in-interest is one that assumes *both* the assets *and* the liabilities. *See, e.g., Excel Energy*, 337 Fed. Appx at 484; *LiButti v. United States*, 178 F.3d 114, 124-25 (2d Cir. 1999).

Therefore, because Ranir cannot demonstrate that it is in privity with Placontrol, it cannot prevail on a declaratory judgment claim based upon the claim preclusion doctrine.

## II. RANIR LIKEWISE CANNOT DEMONSTRATE ISSUE PRECLUSION

In its opening memorandum, DenTek argued that, because of Ranir's inability to demonstrate any privity with Placontrol, Ranir cannot affirmatively assert issue preclusion against DenTek because such an assertion requires mutuality of estoppel. *See* DenTek Mem. at 6-7. In response, Ranir contends that privity is not a requirement for the application of the issue preclusion doctrine, and, thus, its claim should be permitted to proceed. *See* Ranir Mem. at 7-10. Ranir's contention is flawed because it misconstrues the nature of its declaratory judgment claim and confuses the issue.

Initially, Ranir ignores the fact that Count One of its Complaint seeks a declaratory judgment that DenTek cannot assert "any federal *or state claims* against Ranir." Compl. at 4 (emphasis added). Whether DenTek is estopped from asserting any federal claims against Ranir is, as Ranir notes, governed by federal law. However, whether DenTek is estopped from asserting any state law claims is an issue of state law. Even the authority cited in Ranir's opposition memorandum supports that point. *See, e.g., Postal Tel. Cable Co. v. City of Newport, Ky.*, 247 U.S. 464, 475 (1918) ("Res judicata, like other kinds of estoppel, ordinarily is a matter of state law."). Thus, Ranir's attempt (throughout its memorandum) to distinguish the authority cited in DenTek's opening memorandum by asserting that none of them apply federal law is misguided.

Accordingly, for example, without citing appropriate authority, Ranir blithely asserts that the instant case is governed "exclusively by federal law." Ranir Mem. at 8. However, the law is clear that a federal court exercising supplemental or diversity subject matter jurisdiction over state law claims must apply substantive state law to those claims. *See* 28 U.S.C. § 1652; *Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415, 428 n.7 (1996); *Erie R.R. Co. v. Tompkins*,

304 U.S. 64, 78-79 (1938); *Aarti Hospitality, LLC v. City of Grove City, Oh.*, No. 08-3745, 2009 WL 3016483, at *4 (6th Cir. Sept. 18, 2009). Thus, the *Unum* decision cited by DenTek properly applies to Count One as it relates to the state law claims. *See* DenTek Mem. at 6-7.

In that regard, Ranir's assertion – without citation to any binding precedent – that it has raised collateral estoppel defensively is plain wrong. *See* Ranir Mem. at 9. To the contrary, Ranir has filed this declaratory judgment claim, as well as all of the claims in the Complaint, offensively. As Ranir notes, the offensive use of collateral estoppel "occurs when the plaintiff seeks to foreclose the defendant from [re]litigating an issue the defendant has previously litigated unsuccessfully in an action with another party." *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326 n.4 (1979); *accord* Ranir Mem. at 8 n.5. That is exactly what Ranir seeks to do in this action. *See Am. Family Mut. Ins. Co. v. Savickas*, 739 N.E.2d 445, 452 (Ill. 2000) (acknowledging that collateral estoppel brought by a plaintiff in a declaratory judgment action is "technically offensive"); *Meridian Ins. Co. v. Zepeda*, 734 N.E.2d 1126 (Ind. App. 2000) (characterizing a declaratory judgment plaintiff's efforts to estop one of the defendants from relitigating a claim as "offensive"); *Napier v. Jones By & Through Reynolds*, 925 S.W.2d 193, 196 (Ky. App. 1996) (same); *cf. Davis v. Davis*, 663 A.2d 499 (D.C. 1995) (explaining that, where the defendant in the declaratory judgment action sought to prevent the plaintiff from relitigating the issue, the defendant was asserting defensive collateral estoppel). As the declaratory judgment plaintiff, Ranir's attempt to foreclose DenTek from bringing claims questioning the validity of Ranir's false assertion that it is the "#1 Hi-Performance Flosser Brand Worldwide" is an offensive use of collateral estoppel. *Cf. Am. Casualty Co. of Reading, Pa. v. Sentry Fed. Sav. Bank,* 867 F. Supp. 50, 55 (D. Mass. 1994) (characterizing an action brought by a party for a declaratory judgment seeking to prevent the opposing party from relitigating a claim

5

as an offensive assertion of collateral estoppel). In such a circumstance, mutuality is a critical prerequisite. *See, e.g., Keywell & Rosenfeld v. Bithell*, 657 N.W.2d 759, 787 (Mich. App. 2002). Ranir fails that requirement, however, because it cannot demonstrate the necessary privity with Placontrol. *See supra* Section I.

Moreover, it would be inappropriate for this Court to characterize Ranir's declaratory judgment claim as a defensive assertion of collateral estoppel. Ranir could have waited until DenTek commenced an action asserting its false advertising and related claims and then asserted collateral estoppel as an affirmative defense.[2] However, Ranir chose not to do so and instead, in an effort to gain the upper hand, pre-emptively sued DenTek, raising the collateral estoppel doctrine in the first instance. Under these circumstances, the collateral estoppel doctrine is being raised offensively, not defensively. Therefore, because *Unum* applies to Ranir's state law claims, Ranir's contention regarding the application of the collateral estoppel doctrine as it relates to its state law claims fails.

Ranir's federal law claims fair no better. In contending that privity is not a requirement for the application of the collateral estoppel doctrine as to those claims, Ranir very matter-of-factly relies upon *Wolfe* and *Santana-Albarran*. *See* Ranir Mem. at 7. However, neither of those decisions addressed the application of the collateral estoppel doctrine in the context of a declaratory judgment claim. *See Wolfe v. Perry,* 412 F.3d 707 (6th Cir. 2005) (addressing a

---

[2] Under the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*, federal courts have broad discretion to grant declaratory relief. Thus, if this Court is not absolutely confident in the merits of Ranir's position, it may, in its exercise of discretion, compel Ranir to wait and see whether DenTek actually commences an action against it in the future on the claims in question, rather than entertain the instant action at this time. *See Wilton v. Seven Falls Co.*, 515 U.S. 277, 282 (1995) ("[D]istrict courts possess discretion in determining whether and when to entertain an action under the Declaratory Judgment Act, even when the suit otherwise satisfies subject matter jurisdictional prerequisites.") (citing *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491 (1942)).

6

§ 1983 claim, and not a declaratory judgment claim predicated upon the Lanham Act or state law claims for unfair competition and injurious falsehood); *Santana-Albarran v. Ashcroft*, 393 F.3d 699 (6th Cir. 2005) (addressing a petition for review of an order of the Board of Immigration Appeals, and not a declaratory judgment claim predicated upon the Lanham Act or state law claims for unfair competition and injurious falsehood).

Moreover, even if the standard for issue preclusion articulated in *Wolfe* and *Santana-Albarran* were to apply to the instant action and mutuality of estoppel is not required, one well recognized limitation on the application of collateral estoppel is whether the party against whom an earlier decision is asserted had a "full and fair opportunity" to litigate the issue in question. *See Allen v. McCurry*, 449 U.S. 90, 95 (1980). Such an opportunity includes the ability to present a complete case on the merits. *See Parklane Hosiery*, 439 U.S. at 328. In that regard, Ranir ignores the peculiar procedural machinations that occurred in the Tennessee Action. While the parties were engaged in good faith settlement discussions, the Tennessee federal court dismissed the action *sua sponte* – not in response to a motion filed by Placontrol, *see* Fed. R. Civ. P. 41(b) – before any substantive activity in the case had taken place. DenTek had not completed discovery, there were no evidentiary hearings, and no dispositive motions had been filed. Thus, DenTek had not presented any semblance of a complete case on the merits. Accordingly, because DenTek did not have a "full and fair opportunity" to litigate its claims in the Tennessee Action, Ranir should not be permitted to proceed on its federal claims under an application of the collateral estoppel doctrine. Rather, because Ranir is not in privity with Placontrol, it cannot take advantage of any adverse consequences that may inure to DenTek as a result of that prior dismissal.

Therefore, because Ranir again cannot demonstrate that it is in privity with Placontrol, it also cannot prevail on a declaratory judgment claim based upon the issue preclusion doctrine.

**III. RANIR CANNOT ASSERT ANY EQUITABLE DEFENSES AGAINST DENTEK BECAUSE IT LACKS PRIVITY WITH PLACONTROL**

Finally, in its opening memorandum, DenTek argued that, because of Ranir's inability to demonstrate any privity with Placontrol, Ranir also cannot employ other equitable doctrines – specifically, laches, estoppel and unclean hands – to buttress this count. *See* DenTek Mem. at 7. In response, Ranir contends that privity is not an element of these doctrines, and, thus, it should be permitted to proceed on these bases. *See* Ranir Mem. at 10. Ranir's contention amounts to nothing more than sleight of hand. In the absence of any privity with Placontrol, there is no basis upon which Ranir can casually assert an equitable defense against DenTek without any additional factual allegations.[3] Therefore, the Court should reject Ranir's ill-advised tactic here.

## CONCLUSION

For the foregoing reasons, and for the reasons set forth in DenTek's initial memorandum, this Court should dismiss Count One of Ranir's Complaint with prejudice.

Dated: March 1, 2010

Respectfully submitted,

MILLER, CANFIELD, PADDOCK & STONE, P.L.C.

By:/s/Richard A. Gaffin
Richard A. Gaffin
Joseph M. Infante
1200 Campau Square
99 Monroe Avenue, N.W.
Grand Rapids, MI 49503

---

[3] Notwithstanding the foregoing, because, by its own admission, Ranir cannot cure its inability to plead that it is in privity with Placontrol, the Court's dismissal should be with prejudice, as any amendment would be futile. *See Foman v. Davis*, 371 U. S. 178, 182 (1962).

(616) 454-8656
gaffin@millercanfield.com
infante@millercanfield.com

*Attorneys for Defendant DenTek Oral Care, Inc.*

Of Counsel:
    James H. Shalek (not admitted)
    Theodore K. Cheng (not admitted)
    Courtney Devon Taylor (not admitted)
    PROSKAUER ROSE LLP
    1585 Broadway
    New York, NY 10036-8299
    (212) 969-3000