UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RANIR, LLC, a Michigan limited
liability company,

        Plaintiff,

v.

DENTEK ORAL CARE, INC., a
Tennessee corporation,

        Defendant.
                                /

File No. 1:09-CV-1056

HON. ROBERT HOLMES BELL

**O P I N I O N**

Defendant Dentek Oral Care, Inc. ("Dentek") moves for dismissal of Count I of Plaintiff Ranir, LLC's ("Ranir") complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim. (Dkt. No. 6.) Dentek contends that Count I, which seeks a declaratory judgment that Dentek cannot assert any claims against Ranir based upon principles of res judicata, collateral estoppel, and equitable principles such as laches, estoppel, and unclean hands, is subject to dismissal because the underlying basis for the claim – that Ranir is in privity with an entity that Dentek previously sued and lost to in another forum – is not established by Ranir's own allegations in the Complaint. For the reasons that follow, Dentek's motion will be granted in part and denied in part.

**I.**

A 12(b)(6) motion to dismiss for failure to state a claim on which relief can be granted requires the Court to examine the allegations in Plaintiff's complaint. "'[T]o survive a motion to dismiss, the complaint must contain either direct or inferential allegations respecting all material elements to sustain a recovery under some viable legal theory.'" *In re Travel Agent Com'n Antitrust Litig.*, 583 F.3d 896, 903 (6th Cir. 2009) (quoting *Eidson v. State of Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007)). In reviewing the motion, the Court must "'construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff,'" but "'need not accept as true legal conclusions or unwarranted factual inferences.'" *Hunter v. Sec'y of U.S. Army*, 565 F.3d 986, 992 (6th Cir. 2009) (quoting *Jones v. City of Cincinnati*, 521 F.3d 555, 559 (6th Cir. 2008)). The complaint's factual allegations must be enough to "'raise a right to relief above the speculative level,'" and "'state a claim to relief that is plausible on its face.'" *In re Travel Agent Comm'n*, 583 F.3d at 903 (quoting *Bell Atl. v. Twombly*, 550 U.S. 544, 570 (2007)).

## II.

Both Ranir and Dentek are in the business of producing consumer oral care products. (Compl ¶¶ 7, 10.) Prior to January 2009, PLACKERS dental flossers were manufactured and sold by Placontrol, Inc. ("Placontrol"). (*Id.* at ¶ 9.) In January 2009, Ranir acquired certain assets from Placontrol, including the PLACKERS brand. (*Id.*) Since 2006, the

packaging for PLACKERS dental flossers has included the statement: "#1 Hi-Performance Flosser Brand Worldwide." (*Id.* at ¶ 11.)

On June 17, 2008, Dentek brought an action against Placontrol, *Dentek Oral Care, Inc. v. Placontrol, Inc.*, No. 3:08-CV-232 (E.D. Tenn.), alleging that Placontrol's use of the statement "#1 Hi-Performance Flosser Brand Worldwide" constituted false advertising under 15 U.S.C. § 1125(a) and unfair competition and injurious falsehood under state law. (*Id.* at ¶ 12; Compl. Ex. 2.) On August 26, 2009, Dentek was ordered to show cause why its action against Placontrol should not be dismissed for failure to prosecute. (Compl. Ex. 3.) Dentek failed to respond to the court's order, and on September 18, 2009, Dentek's Tennessee action was dismissed. (*Id.* at Ex. 4.) By letter dated November 11, 2009, Dentek advised Placontrol that it was prepared to file a new complaint against Placontrol based on recent changes to the Plackers packaging which now included a more prominent statement that Plackers is the "#1 Hi-Performance Flosser Brand Worldwide." (*Id.* at Ex. 5.)

In Count I of its complaint, Ranir seeks a declaratory judgment that Dentek is barred by principles of res judicata and/or collateral estoppel, or equitable principles, such as laches, estoppel, and unclean hands, from asserting that Ranir's use of the advertising statement "#1 Hi-Performance Flosser Brand Worldwide" violates federal or state law. Ranir contends that Dentek's false advertising and unfair competition claims were adjudicated on the merits by the Tennessee district court, and that because a second action against Ranir would involve the same legal claims directed toward the same advertising at issue in the Tennessee action,

3

Dentek should be precluded from litigating these same issues a second time. Dentek moves for dismissal of Count I for failure to state a claim because Ranir's own allegations reveal that Ranier was not in privity with Placontrol.

### III.

"The preclusive effect of a judgment is defined by claim preclusion and issue preclusion, which are collectively referred to as 'res judicata.'" *Taylor v. Sturgell*, 553 U.S. 880, 128 S. Ct. 2161, 2171 (2008). "Issue preclusion refers to the effect of a judgment in foreclosing relitigation of a matter that has been litigated and decided," while "[c]laim preclusion refers to the effect of a judgment in foreclosing litigation of a matter that never has been litigated, because of a determination that it should have been advanced in an earlier suit." *Rawe v. Liberty Mut. Fire Ins. Co.* 462 F.3d 521, 528, n.5 (6th Cir. 2006) (quoting *Migra v. Warren City Sch. Dist. Bd. of Educ.,* 465 U.S. 75, 77 n. 1 (1984)). Both concepts are intended to "relieve parties of the cost and vexation of multiple lawsuits, conserve judicial resources, and, by preventing inconsistent decisions, encourage reliance on adjudication." *Drummond v. Comm'r of Soc. Sec.*, 126 F.3d 837, 840 (quoting *Allen v. McCurry*, 449 U.S. 90, 94 (1980)).

The parties do not agree on what law governs the determination of the preclusive effects of the prior adjudication. There can be no dispute that "[t]he preclusive effect of a federal-court judgment is determined by federal common law." *Taylor v. Sturgell*, 553 U.S. 880, 128 S.Ct. 2161, 2171 (2008) (citing *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531

4

U.S. 497, 507-08 (2001)). In diversity cases, "federal law incorporates the rules of preclusion applied by the State in which the rendering court sits." *Id.* at 2171 n.4 (citing *Semtek*, 531 U.S. at 508).

In the prior Tennessee action Dentek included both federal and state claims, and asserted both federal question/supplemental jurisdiction as well as diversity jurisdiction. (Compl. Ex. 2, Tenn. Compl. ¶ 3.) Because the prior Tennessee action can be characterized as either a federal question or a diversity action, the Court can, but is not required to, incorporate the rules of preclusion applied by the state courts in Tennessee. It may also be appropriate to look to state law regarding the issue of privity. *See Fed. Ins. Co. v. Gates Learjet Corp.*, 823 F.2d 383, 386 (10th Cir. 1987) ("[W]here the question is whether there is privity between the parties in different diversity suits, a federal court must employ state rules of privity."); *Harnett v. Billman*, 800 F.2d 1308, 1313 (4th Cir. 1986) (noting that federal courts may properly adopt state law for issues that involve the stability of legal relationships, such as privity); *see also* 18B Charles Alan Wright et al., *Federal Practice & Procedure Civil* § 4472, n.48 (2d ed.) (noting that state law should be consulted in determining whether a non-party is bound by a federal judgment on a state-law question because "privity" often is bound up with state substantive law in ways that should be respected by federal courts).

A. Issue Preclusion

Dentek moves for dismissal of Count I of Ranir's complaint on the basis of a lack of

5

privity. Ranir contends that privity is not required for application of the doctrine of issue preclusion, and that Dentek is precluded under the doctrine of issue preclusion from contesting issues that it raised, and that the Tennessee district court adjudicated, in the prior action.

Under the doctrine of collateral estoppel or issue preclusion, "once an issue is actually and necessarily determined by a court of competent jurisdiction, that determination is conclusive in subsequent suits based on a different cause of action involving a party to the prior litigation." *Montana v. United States*, 440 U.S. 147, 153 (1979). Issue preclusion applies when:

> (1) the issue in the subsequent litigation is identical to that resolved in the earlier litigation,
> (2) the issue was actually litigated and decided in the prior action,
> (3) the resolution of the issue was necessary and essential to a judgment on the merits in the prior litigation,
> (4) the party to be estopped was a party to the prior litigation (or in privity with such a party), and
> (5) the party to be estopped had a full and fair opportunity to litigate the issue.

*Wolfe v. Perry*, 412 F.3d 707, 716 (6th Cir. 2005) (quoting *Santana-Albarran v. Ashcroft*, 393 F.3d 699, 704 (6th Cir. 2005)).

For purposes of issue preclusion, privity only comes into play in connection with the fourth element of the issue-preclusion test, which requires the party to be estopped to have been "a party to the prior litigation (or in privity with such a party)." *Id.* Dentek was a party to the prior litigation, so the fourth element of the test is met. There is no requirement that

the party asserting issue preclusion (i.e., Ranir) have been a party or in privity with a party to the prior action.

Although the Court agrees with Ranir that it is not barred from raising issue preclusion on the basis of its alleged lack of privity, the Court nevertheless finds that the doctrine of issue preclusion is not appropriately applied in this case.

Dentek's Tennessee action against Placontrol was dismissed for failure to prosecute. There is no dispute that this was a dismissal "on the merits" and "with prejudice." *See* Fed. R. Civ. P. 41(b) (providing that unless the dismissal order states otherwise, a dismissal for failure to prosecute operates as an adjudication on the merits); *see also Semtek*, 531 U.S. at 505 (noting that a dismissal with prejudice is a dismissal on the merits).

Although the Tennessee court entered a judgment on the merits, it entered a judgment for failure to prosecute. Resolution of the issue of whether or not Placontrol engaged in false advertising with respect to the Plackers brand flosser was not "actually litigated" and was not "necessary and essential" to the judgment. *See Cobbins v. Tenn. Dep't of Transp.*, 566 F.3d 582, 590 (6th Cir. 2009) (holding that where prior action was dismissed without a decision on any issue apart from the plaintiff's failure to prosecute, it did not support issue preclusion). Accordingly, Dentek is not precluded under the doctrine of issue-preclusion from raising a false advertising claim against Ranir. To the extent Dentek seeks dismissal of Ranir's request for declaratory judgment that Dentek's claims are barred by the doctrine of issue preclusion, the motion will be granted.

**Claim Preclusion**

Although privity is not relevant to the question of issue preclusion under the facts of this case, Dentek's contention that Ranir is not in privity with Placontrol is relevant to Ranir's contention that Dentek's false advertising claim is barred by claim preclusion.

Under federal law, "[a] final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were *or could* have been raised in that action." *Rawe v. Liberty Mut. Fire Ins. Co.*, 462 F.3d 521, 528 (6th Cir. 2006) (quoting *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981)) (emphasis added in *Rawe*). An "adjudication upon the merits" under Rule 41(b) bars a party from refiling the same claim in the same court, but does not necessarily have claim-preclusive effect in other courts. *Semtek*, 531 U.S. at 506. The Sixth Circuit applies a four-part test for determining whether a subsequent action is barred by the doctrine of claim preclusion. Claim preclusion is applied where there is:

> '(1) a final decision on the merits by a court of competent jurisdiction; (2) a subsequent action between the same parties or their privies; (3) an issue in the subsequent action which was litigated or which should have been litigated in the prior action; and (4) an identity of the causes of action."

*Rawe*, 462 F.3d at 528 (quoting *Kane v. Magna Mixer Co.*, 71 F.3d 555, 560 (6th Cir. 1995)).

The parties' dispute centers on the privity requirement in the second element of the claim-preclusion test. Dentek contends that Ranir was not a successor in interest to Placontrol, and thus was not in privity with Placontrol, because Ranir's own allegations establish that Ranir only acquired Placontrol's assets, and did not assume Placontrol's

8

liabilities. Ranir contends that it was a successor in interest to Placontrol, and was thus in privity with Placontrol, because both Placontrol and Ranir had the same relationship to the property interest at issue in the prior action, i.e., the right to advertise Plackers dental flossers as the "#1 Hi-Performance Flosser Brand Worldwide."

The Sixth Circuit has noted that "those who are successors in interest to a party will be bound by a judgment against that party." *Becherer v. Merrill Lynch, Pierce, Fenner, and Smith, Inc.*, 193 F.3d 415, 422 (6th Cir. 1999). However, the concern in this case is not whether Ranir would be bound by the Tennessee judgment, but whether Ranir can use claim preclusion defensively to bar Dentek from bringing a claim against it.

Nonmutual claim preclusion is not a well-developed area of the law, but it has generally been used to protect indemnification or derivative liability relationships. 18A Charles Alan Wright et al., *Federal Practice & Procedure* § 4464.1 (2d ed.). The Sixth Circuit has recognized that "[f]ederal courts are no longer bound by rigid definitions of the parties or their privies for purposes of applying res judicata or collateral estoppel." *Vulcan, Inc. v. Fordees Corp.*, 658 F.2d 1106, 1111 (6th Cir. 1981). "Traditionally, privity was strictly required for application of preclusion; a party could not enjoy the benefit of an earlier action unless they would have been bound by it." *Peterson Novelties, Inc. v. City of Berkley*, 305 F.3d 386, 395 (6th Cir. 2002), *abrogated on other grounds by Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280 (2005). "More recently, however, many federal circuits have left behind the traditional mutuality requirement for some defensive uses of

9

claim preclusion." *Id.* "[U]nder certain circumstances, a defendant in a subsequent action can take advantage of the claim-preclusive effect of a prior judgment involving the same plaintiff and different defendants." *Id.* As the Third Circuit has observed, "a lesser degree of privity is required for a new defendant to benefit from claim preclusion than for a plaintiff to bind a new defendant in a later action." *Lubrizol Corp. v. Exxon Corp.*, 929 F.2d 960, 966 (3d Cir. 1991).

The Sixth Circuit has not definitively identified those circumstances where a non-party to an initial suit can invoke claim preclusion as a defense in a later action. Several courts have suggested that claim preclusion may properly be invoked against a plaintiff who has previously asserted essentially the same claim against different defendants where there is "a close or significant relationship" between successive defendants. *See*, *e.g.*, *Airframe Systems, Inc. v. Raytheon Co.*, 601 F.3d 9, 17 (1st Cir. 2010) (applying the "close and significant relationship" test) ; *Mars Inc. v. Nippon Conlux Kabushiki-Kaisha*, 58 F.3d 616, 619 (Fed. Cir. 1995) (holding that because the relationship between a parent corporation and its wholly owned subsidiary was so close, and because there was no legally distinct basis for recovery against the subsidiary, the final judgment against the parent corporation barred any further proceedings against the subsidiary); *Lubrizol*, 929 F.2d at 966 (holding that where there was a close and significant relationship between a party to the first action and its wholly owned subsidiary who was sued in the second case, claim preclusion barred the second action). Whether a "close and significant relationship" exists between an original defendant

10

and a defendant only named in a later suit "varies with the facts." *Airframe* 601 F.3d at 17. It has been suggested that the best approach would be "a limited rule that permits nonmutual claim preclusion only if the new party can show good reasons why he should have been joined in the first action and the old party cannot show any good reasons to justify a second chance." 18A Wright et al., *supra*, § 4464.1.

The First Circuit applied this suggestion in *Airframe*. The court found a "close and significant relationship" sufficient to bar a second action where the first action named AIS, a division of Raytheon, and the second action named Raytheon only because it was the superior organization that included AIS, not because of any wrongful action taken outside that division. *Id.* at 18. The court also noted that there was no unfairness to Airframe because it had chosen to bring the piecemeal and sequential litigation as a matter of strategy. *Id.* Under these facts, the court determined that this was a case "where 'the new party can show good reasons why [it] should have been joined in the first action and the old party cannot show any good reasons to justify a second chance.'" *Id.* (quoting 18A Wright et al., *supra* § 4464.1 ).

Privity is defined under Tennessee law as follows:

> The words "privy" and "privity" do not necessarily have the same meaning in the context of res judicata as they do in the context of contractual relationships. In the context of res judicata, "privity" means "an identity of interests relating to the subject matter of the litigation, and it does not embrace relationships between the parties themselves." The existence of privity or identity of interest depends upon the facts of each case.

*Acuity v. McGhee Engineering, Inc.*, 297 S.W.3d 718, 735 (Tenn. Ct. App. 2008) (citations omitted).

Under either Tennessee or federal law, the existence of privity depends upon the facts of each case. This case is before the Court on a motion to dismiss, and the Court is constrained to limit its analysis to the facts alleged in Plaintiff's complaint. The only pertinent facts alleged in Ranir's complaint are that Ranir acquired the Plackers brand assets from Placontrol while the Tennessee action was pending, and that Ranir has continued to use the same advertising for Plackers. Construing Ranir's complaint in the light most favorable to Ranir, this Court is satisfied that Ranir has stated a claim for claim preclusion that is plausible on its face. Only after the facts are developed will this Court be able to determine whether Ranir can use claim preclusion as a defense in a second action by Dentek concerning the Plackers brand advertising.

**Equitable Principles**

Dentek has moved for dismissal of Count I in its entirety. In Count I Ranir asserts that Dentek's claims are barred not only by principles of issue preclusion and claim preclusion, but also by equitable principles such as laches, estoppel, and unclean hands. Dentek contends that these defenses are subject to dismissal on the basis of privity. To the extent privity is a requirement for the assertion of these defenses, the facts alleged are sufficient to withstand a motion to dismiss on the basis of lack of privity, as discussed above.

**IV.**

For the foregoing reasons, Dentek's motion for partial dismissal will be granted to the extent that it seeks dismissal of the issue preclusion claim in Count I. Dentek's motion for partial dismissal will be denied as to all remaining claims in Count I.

An order consistent with this opinion will be entered.


Date:  August 16, 2010            /s/ Robert Holmes Bell
                                            ROBERT HOLMES BELL
                                            UNITED STATES DISTRICT JUDGE