UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| RANIR, LLC, ) | |
| ) | |
| ) | |
| Plaintiff and Counterclaim-Defendant, ) | |
| ) | **Civil Action No. 1:09-cv-1056** |
| v. ) | |
| ) | **Hon. Robert Holmes Bell** |
| ) | |
| DENTEK ORAL CARE, INC., ) | |
| ) | |
| ) | |
| Defendant and Counterclaim-Plaintiff. ) | |

**JOINT STATUS REPORT**

The parties have conferred and they hereby submit this Joint Status Report pursuant to Federal Rule of Civil Procedure 26(f) and the Court's Order Setting Rule 16 Scheduling Conference, dated August 16, 2010:

A Rule 16 Scheduling Conference is scheduled for the 24th day of September, 2010 at 1:15 PM before the Honorable Robert Holmes Bell, 601 Ford Federal Building, 110 Michigan St., NW, Grand Rapids, Michigan 49503. Appearing for the parties as counsel will be:

For Plaintiff Ranir, LLC ("Ranir"):

Matthew J. Gipson
Price, Heneveld, Cooper, DeWitt & Litton
695 Kenmoor S.E.
P.O. Box 2567
Grand Rapids, MI 49501

Omar A. Khan
Wilmer Cutler Pickering Hale & Dorr LLP
399 Park Avenue
New York, NY

For Defendant DenTek Oral Care, Inc. ("DenTek"):

>Joseph M. Infante
>Miller, Canfield, Paddock & Stone, P.L.C.
>1200 Campau Square
>99 Monroe Avenue, N.W.
>Grand Rapids, MI 49503
>
>Theodore K. Cheng
>Proskauer Rose LLP
>1585 Broadway
>New York, NY 10036-8299

1. **Jurisdiction**:

The Court has personal jurisdiction over DenTek and Ranir pursuant to U.S. Const. Am. XIV and Mich. Comp. Laws §§ 600.705, 600.715 and because DenTek has interposed counterclaims in response to Ranir's complaint.

Ranir alleges that there is an actual and justiciable controversy between the parties under the Lanham Act, 15 U.S.C. §§ 1125 *et seq.*, and under the state laws governing unfair competition, injurious falsehood, and false advertising. Therefore, according to Ranir, the Court has original jurisdiction under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338(a) and (b) and 2201 and has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367(a). Ranir also alleges that the Court has original jurisdiction under 28 U.S.C. §§ 1332 and 2201 because the parties are citizens of different states and the amount in controversy exceeds $75,000. DenTek admits that Ranir has made allegations in the complaint that invoke the jurisdiction of this Court.

DenTek alleges that its counterclaims arise under the Lanham Act, 15 U.S.C. § 1501 *et seq.*, related sections of the Michigan Consumer Protection Act, MCL 445.901 *et seq.*, and Michigan common law. Therefore, according to DenTek, this Court has original subject matter jurisdiction over the counterclaims under 15 U.S.C. § 1121(a) and 28 U.S.C. §§ 1331 and

1338(a) and (b). DenTek also alleges that this Court has supplemental jurisdiction over the state law counterclaims under 28 U.S.C. § 1367(a).

    2.    **Jury or Non-Jury**:

This case is to be tried before a jury.

    3.    **Statement of the Case**:

This case involves allegations by DenTek that Ranir's use of the statements "#1 Hi-Performance Flosser Brand Worldwide!," "Placontrol, Inc. is the #1 Developer and Distributor of dental flossers worldwide!," and "Today, Placontrol, Inc. is the leading developer and distributor of dental flossers in the world," in connection with the sale of dental flossers under the PLACKERS® brand, is literally false and/or misleading in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and state unfair competition law. Ranir denies that the challenged statements are actionable, and specifically denies the allegations that they are literally false and/or misleading. Ranir also alleges that DenTek's claims are barred by the doctrine of claim preclusion and by equitable principles, including laches, estoppel, and unclean hands.

Ranir seeks declarations that DenTek may not bring claims for false advertising or related state law claims based upon its use of the statement "#1 Hi-Performance Flosser Brand Worldwide!" DenTek denies that Ranir is entitled to any declaratory relief and separately seeks compensatory and punitive damages for the alleged violations of the Lanham Act and state law relating to published statements made on the packaging and website for dental flossers sold under the PLACKERS® brand.

The principal factual issues are (1) whether the challenged statements are literally false and/or misleading; (2) whether DenTek is precluded from asserting its claims in this action; and (3) the appropriate remedy, if any, should either party prevail in the action.

4. **Pendent State Claims**:

This case includes pendent state claims. DenTek has asserted counterclaims for unfair competition and injurious falsehood under Michigan common law and for unfair competition under the Michigan Consumer Protection Act, MCL 445.901 *et seq*. Ranir has sought a declaratory judgment that its advertising does not violate any state unfair competition or injurious falsehood laws. The parties currently have no objection to the Court retaining the pendent claims.

5. **Joinder of Parties and Amendment of Pleadings**:

The parties will file all motions for joinder of parties to this action and all motions to amend the pleadings by November 15, 2010. Ranir will be filing its reply to DenTek's counterclaims on September 29, 2010.

6. **Disclosures and Exchanges**:

(i) Fed. R. Civ. P. 26(a)(1) disclosures shall be made by Ranir and DenTek by October 6, 2010.

(ii) Each party shall disclose the names of its expert witnesses on issues for which it has the burden of proof by February 25, 2011. In this case, it would be advisable to exchange written expert witness reports as contemplated by Fed. R. Civ. P. 26(a)(2). Reports, if required, should be exchanged according to the following schedule: opening expert reports shall be due on March 25, 2011; rebuttal reports shall be due on May 6, 2011.

(iii) The parties are unable to agree on voluntary production at this time and prefer to proceed by responding to formally propounded written discovery requests.

7. **Discovery**:

The parties believe that all discovery proceedings can be completed by <u>May 27, 2011</u>. The parties do not believe that discovery should be conducted in phases or be limited to or focused on certain issues. The parties recommend the following discovery plan:

| Description | Parties' Proposed Date |
|---|---|
| Ranir's Reply to Counterclaims | September 29, 2010 |
| Rule 26(a)(1) Disclosures | October 6, 2010 |
| Deadline for joining parties and amending pleadings | November 15, 2010 |
| Deadline for Disclosing Expert Witnesses for Any Issue On Which A Party Carries The Burden of Proof | February 25, 2011 |
| Close of Fact Discovery | March 11, 2011 |
| Deadline for Serving Expert Reports For Any Issue On Which A Party Carries The Burden of Proof | March 25, 2011 |
| Deadline for Serving Rebuttal Expert Reports | May 6, 2011 |
| Discovery Completion Date | May 27, 2011 |
| Deadline for Filing Dispositive Motions | July 1, 2011 |
| Tentative Trial Date | At the Court's convenience during the month of September 2011 |

8. **Disclosure or Discovery of Electronically Stored Information**:

The parties have discussed the production of electronically stored information, which both parties possess. The parties will jointly determine the scope of electronic discovery and the search terms, if any, to be used for gathering relevant information from electronically stored information and, if necessary, seek the Court's guidance and approval on any applicable electronic discovery orders. The parties agree that there is no obligation to disclose or to list on a privilege log any responsive documents created subsequent to the filing of this lawsuit and subject to the attorney-client privilege and/or work-product immunity.

9. **Assertion of Privilege or Work-Product Immunity After Production**:

The parties anticipate the need to agree upon an appropriate protective order that will include, among other things, a procedure to address claims of privilege, work-product immunity, and/or other applicable privilege or immunity from disclosure for items inadvertently produced during discovery. The parties will submit their proposed protective order for the Court's approval.

10. **Motions**:

The parties acknowledge that W.D. Mich. L. Civ. R. 7.1(d) requires the moving party to ascertain whether the motion will be opposed, and that all motions shall affirmatively state the efforts of the moving party to comply with the obligation created by Rule 7.1(d). The parties contemplate the filing of one or more summary judgment motions after the close of discovery in this case and anticipate that they will be filed by July 1, 2011.

11. **Alternative Dispute Resolution**:

As noted in Paragraph 13, settlement discussions between the parties are ongoing. The parties are amenable to voluntary, non-binding mediation before Magistrate Judge Joseph G. Scoville and will inform the Court when and if they are ready to pursue that option.

12. **Length of Trial**:

The parties estimate the trial will last approximately 7 days, allocated as follows: 3 1/2 days for Ranir's case and 3 1/2 days for DenTek's case.

13. **Prospects of Settlement**:

Subsequent to the initiation of this lawsuit, the parties' principals – Christine Henisee, President & CEO of Ranir, and David Fox, President of DenTek – engaged in settlement

discussions but were unable to reach a mutually acceptable resolution.  The parties continue to engage in settlement discussions.

      14.    **<u>Electronic Document Filing System</u>**:

The parties acknowledge that Local Civil Rule 5.7(a) now requires that attorneys file and serve all documents electronically, by means of the Court's CM/ECF system, unless the attorney has been specifically exempted by the Court for cause or a particular document is not eligible for electronic filing under the rule.  The parties also appreciate that the Court expects all counsel to abide by the requirements of this rule.

      15.    **<u>Other</u>**:

The parties are currently unaware of any special factors relevant to the case, but they will timely advise the Court if any such factors arise over the course of the litigation.

Dated:  September 21, 2010

| | |
|---|---|
| /s/ Omar A. Khan | /s/ Theodore K. Cheng |
| H. W. Reick (P19310) | Richard A. Gaffin |
| Matthew J. Gipson (P60169) | Joseph M. Infante |
| PRICE, HENEVELD, COOPER, DEWITT & LITTON, LLP | MILLER, CANFIELD, PADDOCK & STONE, P.L.C. |
| 695 Kenmoor, S.E. | 1200 Campau Square |
| P.O. Box 2567 | 99 Monroe Avenue, N.W. |
| Grand Rapids, MI 49501 | Grand Rapids, MI 49503 |
| Tel: (616) 949-9610 | Tel: (616) 454-8656 |
| Fax: (616) 957-8196 | Fax: (616) 776-6322 |
| hreick@priceheneveld.com | gaffin@millercanfield.com |
| mgipson@priceheneveld.com | infante@millercanfield.com |
| -and- | - and - |
| Omar A. Khan | Theodore K. Cheng |
| WILMER CUTLER PICKERING HALE AND DORR LLP | PROSKAUER ROSE LLP |
| 399 Park Avenue | 1585 Broadway |
| New York, NY | New York, NY 10036-8299 |
| Tel.: (212) 937-7200 | Tel: (212) 969-3000 |
| Fax: (212) 888-2330 | Fax: (212) 969-2900 |
| omar.khan@wilmerhale.com | tcheng@proskauer.com |
| OF COUNSEL: | OF COUNSEL: |
| Robert J. Gunther, Jr. | James H. Shalek |
| WILMER CUTLER PICKERING HALE AND DORR LLP | Courtney Devon Taylor |
| | PROSKAUER ROSE LLP |
| 399 Park Avenue | 1585 Broadway |
| New York, NY | New York, NY 10036-8299 |
| Tel.: (212) 937-7200 | Tel: (212) 969-3000 |
| Fax: (212) 888-2330 | Fax: (212) 969-2900 |
| robert.gunther@wilmerhale.com | jshalek@proskauer.com |
| | ctaylor@proskauer.com |
| *Attorneys for Plaintiff and Counterclaim-Defendant Ranir, LLC* | *Attorneys for Defendant and Counterclaim-Plaintiff DenTek Oral Care, Inc.* |