UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

----------------------------------------------------------------------x

RANIR, LLC,                                          :      Civil Action No. 1:09-cv-1056
                                                     :
              Plaintiff and Counterclaim-Defendant,  :
                                                     :      **REPLY TO DENTEK'S**
- against -                                          :      **COUNTERCLAIMS**
                                                     :
DENTEK ORAL CARE, INC.,                              :      **JURY TRIAL DEMANDED**
                                                     :
              Defendant and Counterclaim-Plaintiff.  :
                                                     :
----------------------------------------------------------------------x

## RANIR, LLC'S REPLY TO
## DENTEK ORAL CARE'S COUNTERCLAIMS

Pursuant to Fed. R. Civ. P. 8, Plaintiff and Counterclaim-Defendant Ranir, LLC ("Ranir")
hereby replies to the numbered paragraphs of Defendant and Counterclaim-Plaintiff DenTek
Oral Care, Inc.'s ("DenTek's") Counterclaims, filed on September 8, 2010, as follows:

### NATURE OF THE ACTION

1.     Ranir admits that DenTek and Ranir are competitors in the market for dental
flossers, and that dental flossers are oral care products used to remove plaque and food particles
from between the teeth and under the gums.  Any remaining factual allegations in Paragraph 1 of
DenTek's Counterclaims are vague and conclusory, and to the extent a response is required, they
are denied.

2.     Denied.

### THE PARTIES

3.     As noted in Paragraph 3 of Ranir's Declaratory Judgment Complaint, Ranir has
alleged upon information and belief that DenTek is a Tennessee corporation with its principal
place of business in Maryville, Tennessee.

4.     Admitted.

5.     Ranir admits that prior to January 2009, PLACKERS® brand dental flossers were manufactured and sold by Placontrol Inc.  Any remaining factual allegations in Paragraph 5 of DenTek's Counterclaims are vague and conclusory, and to the extent a response is required, they are denied.

6.     Ranir admits that, in or about January 2009, Ranir acquired certain assets from Placontrol, including the PLACKERS® brand.  Ranir also admits that it is the exclusive owner of the PLACKERS® brand of dental flossers, which it manufactures, markets, and sells worldwide. The remaining factual allegations in Paragraph 6 of DenTek's Counterclaims are denied.

## JURISDICTION AND VENUE

7.     Paragraph 7 of DenTek's Counterclaims states legal conclusions as to which no response is required.

8.     Ranir admits that it advertises and sells PLACKERS® brand dental flossers in this District.  Ranir also admits that it maintains a website that advertises the PLACKERS® dental flossers and permits citizens of this State to purchase PLACKERS® dental flossers.    The remaining factual allegations in Paragraph 8 of DenTek's Counterclaims are vague and conclusory, and to the extent a response is required, they are denied.  Paragraph 8 of DenTek's Counterclaims also states legal conclusions as to which no response is required.

## BACKGROUND

9.     Ranir admits that DenTek manufactures dental flossers and that DenTek's dental flossers are sold in the United States and Canada.  Ranir is without knowledge or information sufficient to form a belief about the truth of the allegations with respect to DenTek's sales of dental flossers outside the United States and Canada.  The remaining factual allegations in

Paragraph 9 of DenTek's Counterclaims are vague and conclusory, and to the extent a response is required, they are denied.

10.   Ranir admits that, since about January 2009, Ranir has manufactured and sold PLACKERS® dental flossers at major retailers in the United States.  Ranir admits that DenTek and Ranir are competitors in the market for dental flossers.  Any remaining factual allegations in Paragraph 10 of DenTek's Counterclaims are vague and conclusory, and to the extent a response is required, they are denied.

**False Packaging Claim**

11.   Denied.

12.   Ranir admits that the PLACKERS® product packaging includes the statement "#1 Hi-Performance Flosser Brand Worldwide!" and that this statement is located on the front of PLACKERS® product packaging.  Ranir also admits that in a prior version of the packaging, this statement appeared on the back of the packaging, omitting the pound sign.  The remaining factual allegations in Paragraph 12 of DenTek's Counterclaims are vague and conclusory, and to the extent a response is required, they are denied.

13.   Denied.

**False Website Claims**

14.   Ranir admits that it operates a website, www.plackers.com, on which it advertises, among other products, PLACKERS® brand dental flossers.  The remaining factual allegations in Paragraph 14 of DenTek's Counterclaims are denied.

15.   Ranir admits that, prior to July 2010, the website advertising PLACKERS® dental flossers included the statements ". . . Placontrol, Inc. is the #1 Developer and Distributor of dental flossers worldwide!" and "Today, Placontrol, Inc. is the leading developer and distributor

of dental flossers in the world."  In or about July 2010, Ranir substantially revised, modified, and/or updated the website advertising PLACKERS® dental flossers.  Since at least July 2010, the website advertising PLACKERS® dental flossers has not included the two foregoing statements.  The decision to remove the two foregoing statements from the website advertising PLACKERS® dental flossers was not made in response to any pending, threatened, or perceived disputes with respect to those statements.

16.    Denied.

17.    Denied.

## HARM CAUSED BY RANIR'S ACTIONS

18.    Denied.

19.    Denied.

20.    Denied.

21.    Denied.

22.    Denied.

23.    Denied.

24.    Denied.

25.    Denied.

26.    Denied.

27.    Denied.

## COUNT ONE
### (False Advertising and Unfair Competition
### Under the Lanham Act, 15 U.S.C. § 1125(a))

28.    Ranir restates and incorporates by reference its responses to each allegation in DenTek's Counterclaims as if fully set forth herein.

29.    Denied.

30.     Denied.

31.     Denied.

32.     Denied.

## COUNT TWO
### (Unfair Competition Under Michigan Consumer Protection Act)

33.     Ranir restates and incorporates by reference its responses to each allegation in DenTek's Counterclaims as if fully set forth herein.

34.     Denied.

35.     Denied.

36.     Denied.

37.     Denied.

38.     Denied.

## COUNT THREE
### (Unfair Competition Under Michigan Common Law)

39.     Ranir restates and incorporates by reference its responses to each allegation in DenTek's Counterclaims as if fully set forth herein.

40.     Denied.

41.     Denied.

42.     Denied.

43.     Denied.

44.     Denied.

## COUNT FOUR
### (Injurious Falsehood Under Michigan Common Law)

45.     Ranir restates and incorporates by reference its responses to each allegation in DenTek's Counterclaims as if fully set forth herein.

46.     Denied.

47.     Denied.

48.     Denied.

49.     Denied.

50.     Denied.

51.     Denied.

52.     Denied.

53.     Denied.

## PRAYER FOR RELIEF

Ranir denies all of the allegations in the section beginning with the word "Wherefore," and specifically denies that DenTek is entitled to any relief.  Ranir further denies each and every allegation in DenTek's Counterclaims not specifically admitted herein to be true.

## AFFIRMATIVE DEFENSES

The following Affirmative Defenses are asserted in this action without prejudice to any claim or request for relief in favor of Ranir's Declaratory Judgment Complaint.  Moreover, one or more of the following Affirmative Defenses may express alternative theories for entering judgment in favor of Ranir on DenTek's Counterclaims.  Accordingly, the assertion of a particular Affirmative Defense is without prejudice to any other defense asserted herein.  Ranir also reserves the right to amend and/or supplement this Reply including, without limitation, to assert additional Affirmative Defenses.

### First Affirmative Defense

DenTek's Counterclaims fail to state a claim upon which relief can be granted.

### Second Affirmative Defense

DenTek's Counterclaims are barred, in whole or in part, by principles of claim preclusion.

### Third Affirmative Defense

DenTek's Counterclaims are barred, in whole or in part, by equitable principles, including but not limited to laches, estoppel, and unclean hands.

### Fourth Affirmative Defense

DenTek's Counterclaims are barred, in whole or in part, because DenTek cannot show any harm, injury or damages suffered by the public or by DenTek.

### Fifth Affirmative Defense

DenTek's Counterclaims are barred, in whole or in part, because DenTek cannot show that any harm, injury, or damages suffered by the public or by DenTek was caused by any act, conduct, or omission of Ranir.

### Sixth Affirmative Defense

DenTek's Counterclaims are barred, in whole or in part, because DenTek cannot show that Ranir has made or is making any false and/or misleading statements of fact.

### Seventh Affirmative Defense

DenTek's Counterclaims are barred, in whole or in part, because the challenged statements are not actually deceptive nor do they have a tendency to deceive.

### Eighth Affirmative Defense

DenTek's Counterclaims are barred, in whole or in part, because the challenged statements are not material to or likely to influence purchasing decisions.

### Ninth Affirmative Defense

DenTek's Counterclaims are barred, in whole or in part, because the challenged statements are statements of opinion.

### Tenth Affirmative Defense

DenTek's Counterclaims are barred, in whole or in part, because DenTek cannot show that Ranir has made or is making the challenged statements willfully, maliciously, and/or with intent to deceive or bad faith.

### Eleventh Affirmative Defense

DenTek's Counterclaims are barred, in whole or in part, because DenTek cannot show any unfair competition, including *inter alia* any acts of fraud, bad-faith misrepresentation, misappropriation or product confusion.

### Twelfth Affirmative Defense

DenTek's Counterclaims are barred, in whole or in part, because DenTek cannot show any unfair competition, including *inter alia* any fraudulent, deceptive, unfair, and/or unethical trade practice.

### Thirteenth Affirmative Defense

DenTek's Counterclaims are barred, in whole or in part, by the applicable statutes of limitation.

### Fourteenth Affirmative Defense

DenTek's Counterclaims are barred, in whole or in part, because DenTek does not have standing to sue under the Michigan Consumer Protection Act, MCL 445.901 *et seq.*

### Fifteenth Affirmative Defense

DenTek's Counterclaims are barred, in whole or in part, because DenTek cannot show any violations of the Michigan Consumer Protection Act, MCL 445.901 *et seq.*, including *inter*

*alia* any unfair, unconscionable, or deceptive methods, acts or practices in the conduct of trade or commerce.

### Sixteenth Affirmative Defense

DenTek's Counterclaims are barred, in whole or in part, because DenTek cannot show that any actionable statements were intentionally, willfully, and/or maliciously made with knowledge, intent, authorization, and/or ratification of Ranir or its limited liability company members.

### Seventeenth Affirmative Defense

DenTek's Counterclaims are barred, in whole or in part, because DenTek cannot show that Ranir interfered, or is interfering, with any economically advantageous relationship that resulted, or is resulting, in pecuniary loss.

### Eighteenth Affirmative Defense

DenTek's Counterclaims are barred, in whole or in part, because DenTek cannot show that Ranir published the challenged statements knowing they were false or acting in reckless disregard of their truth or falsity.

### Nineteenth Affirmative Defense

DenTek's Counterclaims are barred, in whole or in part, because DenTek cannot show that Ranir intended or recognized that the challenged statements would result in harm to interests of another having a pecuniary value, and/or that Ranir should have recognized that the challenged statements were likely to do so.

### Twentieth Affirmative Defense

DenTek's Counterclaims are barred, in whole or in part, because DenTek cannot establish any punitive or special damages.

WHEREFORE, Ranir denies that DenTek is entitled to any recovery or relief and demands that DenTek's Counterclaims be dismissed with prejudice and judgment be entered in favor of Ranir for its attorney fees, costs, and disbursements.

## JURY DEMAND

Ranir requests a jury on all issues so triable.

Dated:  September 29, 2010

/s/ Omar A. Khan
H. W. Reick (P19310)
Matthew J. Gipson (P60169)
PRICE, HENEVELD, COOPER, DEWITT &
    LITTON, LLP
695 Kenmoor, S.E.
P.O. Box 2567
Grand Rapids, MI  49501
Tel:  (616) 949-9610
Fax: (616) 957-8196
hreick@priceheneveld.com
mgipson@priceheneveld.com

-and-

Omar A. Khan
WILMER CUTLER PICKERING
    HALE AND DORR LLP
399 Park Avenue
New York, NY
Tel.: (212) 937-7200
Fax: (212) 888-2330
omar.khan@wilmerhale.com

OF COUNSEL:

Robert J. Gunther, Jr.
WILMER CUTLER PICKERING
    HALE AND DORR LLP
399 Park Avenue
New York, NY
Tel.: (212) 937-7200
Fax: (212) 888-2330
robert.gunther@wilmerhale.com

*Attorneys for Plaintiff and Counterclaim-*
*Defendant Ranir, LLC*